Tsokas v. Joobeen

*James J. Duryea* and *Samuel A. Rossitto,* for plaintiffs.
*John M. Cahill Jr.,* for defendant.

FOX, *J.,* December 22, 2010—Lien creditor, Parvin K. Aras (Aras) and mortgagees, Orang Joobeen and Ceil Marie Joobeen (mortgagees), have appealed this court's order of August 6, 2010 which sustained plaintiff's objections to the sheriff's schedule of distribution and further ordered a distribution in accordance with the order attached herein.

## FACTUAL and PROCEDURAL HISTORY

This case, as captioned, has a long and tortured history with numerous appeals to and remands from the Superior Court. However, this court's decision on appeal concerns only the distribution of proceeds from a sheriff's sale of the properly located 3315 North Park Avenue (property) in Philadelphia. In 1994 Michael Tsokas and Aaron Pogach (plaintiffs) received a money judgment in their favor and against Ali Joobeen (defendant). Thereafter followed the numerous appeals to and remands from the Superior Court. These appeals were ultimately resolved and judgment was

finally entered in favor of plaintiffs and against defendant effective February 8, 2008. Judgment was liened on all properties owned by defendant. Thereafter plaintiffs filed a writ of execution and the property was scheduled for sheriff sale. Initially, the sheriff sale was to take place on July 12, 2005. However, more appeals were filed as well as proceedings in Bankruptcy Court. After the appeals were resolved and the bankruptcy filings dismissed, the property was sold at sheriff sale on January 5, 2010. Aras, defendant's mother, was the successful bidder for the property in the amount of $260,000.00. Aras deposited $28,000.00 towards this purchase price. The balance remains outstanding. There is no dispute regarding the sheriff costs of $82,776.63[1]. The amount of plaintiffs' claim, inclusive of interest as of January 5, 2010 and cost, is $94,501.10 and not in dispute. The only issue is the priority of liens.

As previously stated, Aras was the successful bidder at the sheriff sale for $260,000.00. She also claimed to be a lien creditor, due $205,160.00 pursuant to two confessed judgments. The first is *Parvin Aras v. Ali Joobeen CCP*, July Term, 2000 No. 3743, docketed July 28, 2000 in the amount of $172,250.00. The second is *Parvin Aras v. Ali Joobeen*, December Term, 2001 No. 1476, docketed December 12, 2001 in the amount of $32,910.00. Aras contends that as a lien creditor purchaser of the property, Pa.R.C.P. 3133 applies and she should be relieved from

---

1. In error this court's order listed the sheriff's costs as $75,800.00. The amount above is the correct amount and this court's order should be modified accordingly.

posting the balance of the purchase proceeds.

In addition, defendant gave a mortgage on the same property to his brother and former sister-in-law in the amount of $8,000.00. This mortgage was recorded on June 16, 1997. Although the recorded mortgage stated that the debt would be repaid by July 1, 2007, a mortgage modification agreement was recorded on July 28, 2008. This modification agreement increased the mortgage debt to $101,083.82.

The sheriff issued a distribution statement which set forth a purchase price of $260,000.00; its charges of $82,776.63; and the deposit of $28,000.00. The balance due from Aras as the purchaser at the sale was thereafter reduced by the previously mentioned judgments by confession which totaled $205,160.00. Accordingly no further funds were available.

Plaintiffs filed a timely appeal from the sheriff's distribution. After hearing argument and receiving the documents into the record, this court entered an order which sustained the objections to the sheriff's proposed schedule of distribution and directed distribution as follows:

1.   To the sheriff's office of Philadelphia the sum of $75,800.00.[2]

2.   Orang Joobeen and Ceil Marie Joobeen in satisfaction of the mortgage upon the premises 3315 North Park Avenue, Philadelphia, Pa. 19140 the sum of not more than $8,000.00.

---

2. This amount should be corrected to $82,776.63.

3. To Aaron Pogach, Esquire and Dr. Michael Tsokas the sum of $94,501.10, inclusive of interest to January 5, 2010 and cost.

4. The balance remaining to Parvin Aras, the purchaser of the premises herein.

This appeal was thereafter filed to the Superior Court.

## DISCUSSION

The only issue before this court is the priority of the liens. Parvin Aras confessed judgment against her son the defendant in 2000 and 2001. Each of the judgments was allegedly revived by the fillings of a writ of revival. The first writ was filed on July 28, 2005; the second writ was filed in 2006. There is no dispute that plaintiffs' judgment was in effect as of February 8, 2008. Plaintiffs contend that the writs of revival filed by Aras were not properly perfected and therefore her confessed judgments did not retain their priority. Plaintiffs also questioned the validity of the confessed judgments and contend that the writs of revival were filed solely to interfere with their ability to collect on the judgment against defendant judgment.

Pa.R.C.P. 3022(b)(1) states, "...the lien of a verdict or order for a specific sum shall have priority as prescribed by §8141 of the judicial code from the time the verdict or order is entered and the judgment indexed."

Pa.R.C.P. 3023(c) states that, "the lien shall continue for five years from the date the judgment was entered in the judgment index unless the judgment is sooner discharged or the lien is soon revived."

Pa.R.C.P. 3025 sets forth the process to revive a lien. It requires either a praecipe in the form designated under Pa. R.C.P. 3032 or an agreement.

Pa.R.C.P. 3026(a) requires the original name of the defendant and any terre-tenant against whom the [plaintiff] seeks to revive the lien of judgment.

Pa.R.C.P. 3028(a) requires service of the writ within ninety (90) days after its issuance in the manner prescribed by Pa.R.C.P. 402, or by mailing a copy in the manner prescribed under Pa.R.C.P. 403. Pa.R.C.P. 405 also requires the filing of a return of service by either the sheriff or the person who made service.

Plaintiffs contend that Aras lost her priority position because the writs of revival were not perfected. In order to perfect the revival of the judgment, the rules require the filing of a return of service. Plaintiffs provided the court with the docket entries for each confessed judgment. The docket for the first confession of judgment, under CCP July Term, 2000 No. 3743, does not contain a return of service for the writ of revival. Neither does the docket for the second confessed judgment under CCP December Term, 2001 No. 1476. Plaintiffs contend this is a fatal defect resulting in the loss of priority. Counsel for Aras contends that plaintiffs do not have standing to challenge the judgments by confession nor the writ of revival filed in each. Counsel for Aras contends that only the named defendant in the specific case has standing to raise this issue. This court disagrees. The plaintiffs have not challenged the underlying judgments. The Aras's

argument that plaintiff's cannot challenge the confessed judgments is not relevant in this matter because only the writs of revival are at issue. This is not a collateral attack on the judgment. The issue is the priority of the liens due to the failure to properly revive them. The rules are clear and specific as to the requirements necessary to revive a lien. The revival is to maintain priority. Failure to perfect the lien revival doesn't cause the judgment to disappear but merely changes its priority in the line of creditors. In this case, plaintiffs have properly challenged the lien revival and Aras' failure to properly perfect that revival; the effect is to change the priority. The properly liened judgment of plaintiffs has priority over the judgment liens of Aras. This court properly sustained plaintiffs objections to the sheriff's proposed distribution.

The second issue in this matter is the mortgage held by Orang Joobeen and Ceil Marie Joobeen, the brother and former sister-in-law of the defendant. This court awarded the sum of $8,000.00 to repay the mortgage. However, the Joobeens contend that the mortgage modification agreement recorded on July 29, 2008 increased the amount due under the original mortgage to $101,083.82; and any distribution would be subject to the repayment of the mortgage. Plaintiffs contend that this initial mortgage of $8,000.00 should have been paid as of July 1, 2007. Accordingly, the document titled "Modification" is a new lien not recorded until 2008 and after the indexing of plaintiffs' lien. Clearly the modification cannot and should not receive the same priority position of the first recorded mortgage. Again, this court's decision is not to invalidate

the modification and sums due the Joobeens. The priority of that modification is as of 2008 and therefore not subject to distribution in this matter. This court's decision is based solely on the priority of the liens. If Ali as the mortgagor had defaulted on the original mortgage, the Joobeens had the right to file a foreclosure action. If judgment had been entered they might have asked the court to reassess the damages to include the expenditures alleged to have been made by the Joobeens to protect their interest. Instead Ali and the Joobeens executed and filed a document titled "modification" of mortgage after plaintiffs' judgment had been entered and indexed. This court properly found that the use of the term "modification" should not change the priority position of the increased second debt back to the original mortgage. The affidavit of the Joobeens which described the reason for the "modification" of the mortgage debt is self-serving and clearly intended to circumvent plaintiffs' ability to collect the judgment.

Finally, Aras' claim to the benefits of Pa.R.C.P. 3133 for the balance due the sheriff after the payments set forth in this court's decision is not addressed in this opinion. The Joobeens have not challenged that issue nor is it relevant to this court's decision as entered.

For the reasons set forth above, this court's order sustaining the objections of plaintiffs to the sheriff's proposed distribution and this court's order of distribution should be affirmed.